Filed 2/18/14  In re J.H. CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| In re J.H., a Person Coming Under the Juvenile Court Law. | |
| SAN DIEGO COUNTY HEALTH AND HUMAN SERVICES AGENCY, | D064582 |
| Plaintiff and Respondent, | (Super. Ct. No. J518687) |
| v. | |
| MATTHEW A., | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Kenneth J.

Medel, Judge.  Reversed and remanded with directions.

Christopher R. Booth, under appointment by the Court of Appeal, for Defendant and

Appellant.

Thomas E. Montgomery, County Counsel, John E. Philips, Chief Deputy County

Counsel, and Lisa M. Maldonado, Deputy County Counsel, for Plaintiff and Respondent.

In May 2013, the San Diego County Health and Human Services Agency (the Agency)

filed a dependency petition for newborn J.H., alleging her mother, Whitney H., was mentally

ill and had tried to drown J.H. Whitney reported she had Cherokee heritage. At the detention hearing, the juvenile court appointed a guardian ad litem for Whitney and deferred making a finding pursuant to the Indian Child Welfare Act (ICWA) (25 U.S.C. § 1901 et seq.). In June, Whitney said she had Indian ancestry through her grandmother, and named the "Lusenia" or "Lucenia" tribe in Nevada.[1] In early July, the Agency reported it had sent ICWA notices to the United Keetoowah Band of Cherokee Indians; Cherokee Nation, Oklahoma; the Eastern Band of Cherokee Indians; the Secretary of the Interior; and the Bureau of Indian Affairs.[2] The Agency's July report stated the ICWA notices were attached to the report, but they were not attached. In late July, the court made a true finding on the petition. At the contested dispositional hearing in September, the court found ICWA notice was not required because J.H. was not an Indian child. The court ordered J.H. placed with a relative.

J.H.'s father, Matthew A., appeals. He contends the Agency did not comply with the notice provisions of ICWA and the court therefore erred by finding ICWA inapplicable.

The Agency claims the social worker inadvertently neglected to attach to the July 2013 report copies of the ICWA notices the Agency sent. The Agency concedes the notices should have been submitted to the juvenile court, and moves to augment the record on appeal with a copy of a report filed in January 2014. Attached to that report are copies of ICWA notices and

---

[1]     There is no federally recognized Indian tribe named "Lusenia" or "Lucenia," but there are six federally recognized tribes with the word "Luiseno" in their names. All six of those tribes are in California. (78 Fed.Reg. 26384 (May 6, 2013).) There is no indication the Agency sent notice to any of those six tribes.

[2]     The three federally recognized Cherokee tribes are United Keetoowah Band of Cherokee Indians in Oklahoma; Cherokee Nation; and Eastern Band of Cherokee Indians. (78 Fed.Reg. 26384 (May 6, 2013).)

responses by the Eastern Band of Cherokee Indians and the United Keetoowah Band of Cherokee Indians in Oklahoma. The Agency requests the appeal be dismissed as moot and alternatively argues any error is harmless. The Agency concedes that if this court denies the motion, a limited remand is appropriate for an ICWA ruling.

In opposition to the Agency's motion to augment the record, Matthew argues the January 2014 report and its attachments are improper postjudgment evidence, and because the attached notice is completely illegible, it is impossible to say whether it contains correct and complete information.

We grant the Agency's motion to augment the record. As Matthew states, much of the information in the ICWA notice is illegible. We also note no return receipts are included. (*In re Louis S.* (2004) 117 Cal.App.4th 622, 629.)

## DISPOSITION

The judgment is reversed. The case is remanded to the juvenile court with directions to order the Agency to give any required ICWA notice and file all required documentation with the court. If a tribe then claims J.H. is an Indian child, the court shall proceed in conformity with ICWA. If no tribe makes such a claim, the court shall reinstate its judgment.

O'ROURKE, J.

WE CONCUR:


McINTYRE, Acting P. J.


AARON, J.